IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

KENNETH D. BEVERLY,  )
                                           )
     Plaintiff,                   )
                                           )
v.                                         )         Civil Action No. 3:10CV83-HEH
                                           )
KAREN LAWSON, *et al.*,      )
                                           )
     Defendants.           )

## MEMORANDUM OPINION
(Dismissing Action Under 42 U.S.C. § 1983)

Kenneth Beverly, a federal prisoner proceeding *pro se*, brings this § 1983 civil rights action.[1] Beverly names Karen Lawson[2] and Patrick W. Finnerty[3] as defendants.[4] The matter is before the Court on Lawson and Finnerty's motion to dismiss and the Court's authority to evaluate the action pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A. Jurisdiction is appropriate pursuant to 28 U.S.C. § 1343(a)(3).

---

[1] The Court will utilize the page numbers assigned to this complaint and attachments by the Court's CM/ECF system because Beverly did not number all the pages of the complaint or the attachments to the complaint. Additionally, the Court has corrected the spelling and spacing in the quotations to Beverly's submissions.

[2] Beverly describes Lawson as a "Medicaid Agent" and the Supervisor of the Behavioral Health and Developmental Disabilities Unit. (Compl. 1, 2.) Beverly sues Lawson in her individual and official capacities. (Compl. 1.)

[3] Beverly describes Finnerty as the Director of the Department of Medical Assistance Services. (Compl. 1.) Beverly sues Finnerty in his individual and official capacities. (Compl. 1.)

[4] Initially, Beverly also named the Office of State Attorney General and the Department of Health and Human Services Center for Medicare and Medicaid Services as defendants. Beverly subsequently dismissed those entities as defendants. (Mem. Order entered Jan. 18, 2011.)

The Court notes that Beverly's claims for relief are hardly a model of clarity. Nevertheless, as explained below, it is ultimately unnecessary to parse Beverly's claims in any great detail because all of his claims are barred under the doctrine of sovereign immunity, the statute of limitations, or *Heck v. Humphrey*, 512 U.S. 477 (1994), and related cases.

## I. STANDARD OF REVIEW

This Court must dismiss any action filed by a prisoner if the Court determines the action (1) "is frivolous" or (2) "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2); *see* 28 U.S.C. § 1915A. The first standard includes claims based upon "'an indisputably meritless legal theory,'" or claims where the "'factual contentions are clearly baseless.'" *Clay v. Yates*, 809 F. Supp. 417, 427 (E.D. Va. 1992) (quoting *Neitzke v. Williams*, 490 U.S. 319, 327 (1989)). The Court may look to its own records in assessing whether an action is frivolous. *Dial v. Vincent*, 3:08cv681, 2010 WL 2520193, at *2 (E.D. Va. June 18, 2010) (citing *Clay*, 809 F. Supp. at 427–28).[5] The second standard is the familiar standard for a motion to dismiss under Fed. R. Civ. P. 12(b)(6).

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992) (citing 5A Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1356 (1990)). In considering a motion to dismiss for failure to state a claim, a plaintiff's well-pleaded allegations are taken as true and the complaint is viewed in the light most favorable to the plaintiff. *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993); *see also Martin*, 980

---

[5] Here, the Court has reviewed the record in Beverly's criminal case. *United States v. Beverly*, 3:05cr526 (E.D. Va. Judgment entered July 28, 2006).

F.2d at 952. This principle applies only to factual allegations, however, and "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009).

The Federal Rules of Civil Procedure "require[] only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (second alteration in original) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Plaintiffs cannot satisfy this standard with complaints containing only "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Id.* at 555 (citations omitted). Instead, a plaintiff must allege facts sufficient "to raise a right to relief above the speculative level," *id.* (citation omitted), stating a claim that is "plausible on its face," *id.* at 570, rather than merely "conceivable." *Id.* "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949 (citing *Bell Atl. Corp.*, 550 U.S. at 556). Therefore, in order for a claim or complaint to survive dismissal for failure to state a claim, the plaintiff must "allege facts sufficient to state all the elements of [his or] her claim." *Bass v. E.I. Dupont de Nemours & Co.*, 324 F.3d 761, 765 (4th Cir. 2003) (citing *Dickson v. Microsoft Corp.*, 309 F.3d 193, 213 (4th Cir. 2002); *Iodice v. United States*, 289 F.3d 270, 281 (4th Cir. 2002)).

Lastly, while the Court liberally construes *pro se* complaints, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), it does not act as the inmate's advocate, *sua sponte* developing statutory and constitutional claims the inmate failed to clearly raise on the face of his complaint.

*See Brock v. Carroll*, 107 F.3d 241, 243 (4th Cir. 1997) (Luttig, J., concurring); *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

## II. PROCEDURAL BACKGROUND

The Court's records reflect that Beverly was the founder, owner, and operator of Rights of Passage Enhanced, Inc. ("ROPE"). ROPE's ostensible purpose was to help individuals with mental illnesses develop new skills and function in their living environments. In 2001, ROPE became a licensed provider of Psychosocial Rehabilitative Services ("PSRS") under Medicaid.

Between October 1, 2002 and October 21, 2002, the Department of Medical Assistance Services ("DMAS"), Virginia's Medicaid Agency, audited ROPE. DMAS found that ROPE was receiving payments for services rendered to patients who were ineligible for PSRS Medicaid benefits, and ROPE was not actually providing services for which it billed DMAS.

On February 8, 2006, Petitioner was charged in a forty-three count superseding indictment with thirty-six counts of health care fraud, one count of subornation of perjury, one count of tampering with a witness, two counts of making a material false statement, one count of income tax evasion, one count of wilfully making a false statement on an income tax return, and one count of wilful failure to file an income tax return. During a four-day jury trial, the Government introduced overwhelming evidence of Beverly's guilt. On April 27, 2006, the jury found Beverly guilty of all counts in the Superseding Indictment. On July 28, 2006, the Court sentenced Beverly to a 151-month term of imprisonment. On July 21, 2008, the United States Court of Appeals for the Fourth Circuit affirmed Beverly's conviction and sentence. *United States v. Beverly*, 284 F. App'x 36, 45 (4th Cir. 2008). By Memorandum Opinion and Order

entered on October 20, 2010, the Court denied Beverly's Motion to Vacate, Set Aside or Correct under 28 U.S.C. § 2255.

On January 25, 2010, Beverly executed his present 42 U.S.C. § 1983 action. (Compl. 17.) The action was received by the Court on February 5, 2010. Nevertheless, for purposes of the statute of limitations analysis in this Memorandum Opinion, the Court will deem the action filed as of the date Beverly executed his complaint. *See Lewis v. Richmond City Police Dep't*, 947 F.2d 733, 736 (4th Cir. 1991) (concluding inmate's complaint was filed for statute of limitation purposes when he handed it to prison officials for mailing to the court.)

### III. SUMMARY OF ALLEGATIONS AND CLAIMS

In his discursive complaint Beverly seeks to place the blame for all of his prior misdeeds upon Lawson. Beverly alleges:

> Ms. Lawson . . . testified at Plaintiff's criminal trial proceeding for Healthcare Fraud, of which he was subsequently convicted. Ms. Lawson knowingly and willfully alleged fraudulent conduct against the Plaintiff to mask her own negligence, and the egregious violations that she had made in reference to the Federal Code of Regulations, United States Code Service-Statutes, Assurances that had been made to the Department of Health and Human Services.

(Compl. 3.) Beverly then explains that Lawson provided false testimony to cover up for the fact that Beverly had not signed a "Provider Agreement" with Medicaid:

> Plaintiff *never* effectuated a "Provider Agreement" with Medicaid, Ms. Lawson's actions to mask this fact and avoid reprimand from her superiors, proved to be the detriment of this Plaintiff.
> Agreements of this nature, of which was recently found out by this Plaintiff, and as it relates to Medicaid, have a *Conditions Precedent*, that details when and upon what conditions an agreement with Medicaid becomes effective. Due to Ms. Lawson's failure to perform the *Conditions Precedent* for the year 2000 and 2001 there was never an effectuated agreement. During the only conducted survey October 15 thru 21, 2002, Plaintiff was assessed to *not* be in substantial compliance. Again, no "Provider Agreement" effectuated. To cover up her years of negligence and

5

irresponsibility, allowed Plaintiff's program to continue operating and receiving reimbursement in violation of the Federal Mandate, Medicaid Act, Code of Federal Regulations and Federal Statutes, to induce Plaintiff into fraudulent conduct. If the Conditions Precedent is never met or cured, the Agreement is *breached* and becomes *void*. The actions of Ms. lawson [sic], caused the Plaintiff to be tried and convicted on violations that she and her survey staff had made. Plaintiff suffered significant and undisputed property losses. Upon finding out recently about the undisclosed, step two, of the "Provider Agreement" process, Plaintiff files this claim.

(Compl. 4 (citation omitted).) Later in the complaint, Beverly provides a more detailed description of Lawson's purportedly negligent action, which Lawson then allegedly attempted to cover up with false testimony against Beverly.[6] (Compl. 7–17.) Beverly provides the following list of **"USC § 1983 VIOLATIONS"**:

1. Failure to effectuate a Medicaid "Provider Agreement" for the years of 2000, 2001, 2002, and 2003. As a result, *NO* binding agreement was ever created, yet holding Plaintiff liable.

2. Failure to provide the federally mandated survey and certification requirements (For the years of 2000 and 2001), in violation of the Federal Mandate.

3. Failure to provide State Assurances *NOT* providing adequate manuals for Provider Participation, (Manuals were received over two (2) years late).

4. Making Federal reimbursement payments, when a "Provider Agreement" had *NOT* been effectuated, violating the federal mandate and placing Plaintiff in harms way, causing him to be wrongly prosecuted.

5. Fraudulent Inducement - Inducing Plaintiff to continue to provide services, when Ms. Lawson knew full well that plaintiff was *NOT* in substantial compliance. This being the first and only survey, Plaintiff was a prospective provider, who are *NOT* allowed per Federal Regulations and Statutes to receive reimbursements.

6. Falsely testifying to Federal and State Regulations and Federal Statutes, and concealing exculpatory information.

---

[6] Beverly also attached copies of statutes, regulations, correspondence, and documents from his criminal case to his complaint.

6

7. Failure to adhere to Federal Code of Regulations and Federal Statutes, in violation of the Federal Mandate as the State Plan Administrator.

8. Alleging Fraudulent conduct, when Plaintiff was *NOT* a contracted Provider for Medicaid, to cover up Ms. Lawson's failed responsibilities, thus causing Plaintiff great harm.

9. Deliberately placing Plaintiff in harms way to suffer significant losses and deprivations, by failing to adhere to the Federal Mandate.

10. Conspiring to bring Plaintiff up on Fraud charges, to mask her and her survey teams negligence.

11. As a result of clearly violating the State Assurances, assurances that had been given to the Secretary of Health and Human Services aka HHS, Ms. Lawson scapegoated Plaintiff to avoid reprimand and payment disallowances from HHS.

12. Whenever a state chooses to facilitate a Medicaid program and accept federal funding, they must adhere to the agreed and accepted Federal Mandate, i.e. Federal Regulations, Federal Laws, and Constitutional provisions. When Medicaid fails to provide the *Conditions Precedent*, i.e. survey and certification, in addition to informing prospective providers of Federal and State requirements, yet charges a Prospective Provider with fraudulent conduct, this clearly constitutes an abusive and capricious act.

(Compl. 5–6 (citations omitted).) Beverly demands $30,000,000.00.

On May 28, 2010, the Court received from Beverly a "MOTION REQUESTING LEAVE TO SUPPLEMENT FILED CLAIM." (Dk. No. 28.) In that motion, Beverly identifies another regulation that allegedly was violated by Lawson and claims that such information was withheld from the jury in his criminal case. Additionally, Beverly has filed a "MOTION REQUESTING LEAVE TO SUPPLEMENT PLAINTIFF'S REPLY TO DEFENDANTS LOCAL RULE 7K MOTION" (Dk. No. 24) and a "MOTION REQUESTING LEAVE TO SUPPLEMENT PLAINTIFF'S RESPONSE TO DEFENDANT'S LOCAL RULE 7K MOTION AND MOTION TO DISMISS PURSUANT TO RULE 12(b) and 12(b)(6) FED R. CIV. P." (Dk. No. 27).

7

Defendants have moved to strike the above motions. (Dk. No. 29.) Because the Court finds that Defendants will not be prejudiced by the Court's consideration of Beverly's supplemental submissions, Defendants' motion to strike will be denied and Beverly's motion to supplement his complaint and his responses will be granted. *See Int'l Longshoremen's Ass'n, S.S. Clerks Local 1624 v. Va. Int'l Terminals, Inc.*, 904 F. Supp. 500, 504 (E.D. Va. 1995) (citing cases for the proposition that a motion to strike "is a drastic remedy which is disfavored by the courts and infrequently granted").

## IV. ANALYSIS

### A. Beverly's Claims Against Defendants in their Official Capacities

In order to state a viable claim under 42 U.S.C. § 1983, a plaintiff must allege facts that indicate a person acting under color of state law deprived him or her of a constitutional right or of a right conferred by a law of the United States. *See Dowe v. Total Action Against Poverty in Roanoke Valley*, 145 F.3d 653, 658 (4th Cir. 1998). "[N]either a State nor its officials acting in their official capacities are 'persons' under § 1983." *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989).

Additionally, States retain immunity from suits as "a fundamental aspect of the sovereignty which the States enjoyed before the ratification of the Constitution, and which they retain today . . . except as altered by the plan of the [Constitutional] Convention or certain constitutional Amendments." *Alden v. Maine*, 527 U.S. 706, 713 (1999). "[Sovereign] immunity applies to state agencies that may be properly characterized as 'arm[s] of the State,' as well as to state employees acting in their official capacity." *Harter v. Vernon*, 101 F.3d 334, 337 (4th Cir. 1996) (second alteration in original) (quoting *Mt. Healthy City Bd. of Educ. v. Doyle*, 429 U.S. 274, 280 (1977)). Therefore, Beverly's claims against Defendants in their official

capacities are barred by Virginia's sovereign immunity. *Dance v. City of Richmond Police Dep't*, 3:09-CV-423-HEH, 2009 WL 2877152, at *4 (E.D. Va. Sept. 2, 2009) (citing *Harter*, 101 F.3d at 337). Accordingly, Beverly's claims against Defendants in their official capacities will be dismissed with prejudice.

### B. The Statute of Limitations and *Heck v. Humphrey*

Because 42 U.S.C. § 1983 does not explicitly provide its own statute of limitations, the courts borrow the personal injury statute of limitations from the relevant state. *See Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951, 955 (4th Cir. 1995) (citing *Wilson v. Garcia*, 471 U.S. 261, 266-69 (1985)). Virginia applies a two-year statute of limitations to personal injury claims. *See* Va. Code Ann. § 8.01–243(A) (West 2010). Hence, Beverly was required to have filed his complaint within two years from when the underlying claim accrued. "A claim accrues when the plaintiff becomes aware of his or her injury, *United States v. Kubrick*, 444 U.S. 111, 123 (1979), or when he or she 'is put on notice . . . to make reasonable inquiry' as to whether a claim exists." *Almond v. Sisk*, No. 3:08cv138, 2009 WL 2424084, at *4 (E.D. Va. Aug. 6, 2009) (omission in original) (quoting *Nasim*, 64 F.3d at 955).

Here, Beverly complains about two distinct types of injuries: (1) injuries caused by Defendants' alleged failure to abide by the appropriate Medicaid procedures between 2000 and 2003 and (2) injuries caused by Lawson in inciting Beverly's prosecution and ultimately testifying incompletely and inaccurately at his criminal trial in 2006. Assuming Beverly has adequately pled a violation of his rights under 42 U.S.C. § 1983, he certainly knew of his injuries, or was put on reasonable notice of his injuries, by the conclusion of his criminal trial in

2006.[7] *See Wallace v. Kato*, 549 U.S. 384, 391 (2007) (concluding that the statute of limitations for a claim of false arrest "commenced to run when he appeared before the examining magistrate and was bound over for trial"); *Jackson v. Olsen*, 3:09cv43, 2010 WL 2541833, at *3–4 (E.D. Va. June 23, 2010). Beverly filed the present action almost four years after that date. Hence, any § 1983 claim, other than a malicious prosecution claim, is barred by the statute of limitations and will be dismissed with prejudice.

To the extent that Beverly contends that "any of the foregoing actions amounted to malicious prosecution, such a claim would not be barred by the statute of limitations, but it would be legally frivolous under *Heck v. Humphrey*, 512 U.S. 477 (1994), and related cases." *Jackson*, 2010 WL 2541833, at *4 (citing *Snider v. Lee*, 584 F.3d 193, 199 (4th Cir. 2009)), *cert. denied*, 130 S. Ct. 2073 (2010). In *Heck*, the Supreme Court emphasized that civil tort actions are simply "not appropriate vehicles for challenging the validity of outstanding criminal judgments." *Id.* at 486. Permitting civil actions to be used "for that purpose would undercut the long-standing concern not to undermine the finality of criminal convictions through civil suits." *Harvey v. Horan*, 278 F.3d 370, 375 (4th Cir. 2002) (citing *Heck*, 512 U.S. at 484–86).

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal . . . or called into question by a federal court's issuance of a writ of habeas corpus . . . .

*Heck*, 512 U.S. at 486–87 (internal footnote omitted). Therefore, when an inmate brings a § 1983 action, "the district court must consider whether a judgment in favor of the plaintiff

---

[7] Beverly suggests that the statute of limitations does not bar his action because he was denied discovery during his criminal trial and post-conviction proceeding. (Pl.'s Reply at 6–7 (Dk. No. 23).) Beverly, however, fails to provide any coherent explanation at to why he could not have discovered the factual basis for all of his claims prior to the conclusion of his criminal trial.

10

would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." *Id.* at 487. "[T]he significance of the favorable termination element is not only that *it constitutes a prerequisite for recovery*, but also that it establishes the time from which the claim accrues for purposes of determining whether the statute of limitations has run." *Snider*, 584 F.3d at 199 (quoting *Lambert v. Williams*, 223 F.3d 257, 262 n.3 (4th Cir. 2000)); *see Omar v. Chasanow*, 318 F. App'x 188, 189 (4th Cir. 2009) (concluding claims dismissed pursuant to *Heck* should be dismissed without prejudice so the inmate can refile if he later succeeds in overturning the conviction). Accordingly, to the extent that Beverly contends Defendants are liable under a malicious prosecution theory, such a claim is legally frivolous at this juncture because he has not overturned his conviction. *See Olivarez v. Petter*, 169 F. App'x 247, 248 (5th Cir. 2006); *Barrow v. Light*, No. 96-1688, 1997 WL 253271, at *1 (6th Cir. May 14, 1997). Accordingly, Beverly's malicious prosecution claim will be dismissed without prejudice.

## V. CONCLUSION

Defendants' motion to dismiss will be granted. Beverly's "MOTION REQUESTING ORAL ARGUMENT" (Dk. No. 26) will be denied. The action will be dismissed with prejudice. The Clerk will be directed to note the disposition of the action for purposes of the Prison Litigation Reform Act of 1995. *See* 28 U.S.C. § 1915(g).

An appropriate Order shall accompany this Memorandum Opinion.

/s/
HENRY E. HUDSON
UNITED STATES DISTRICT JUDGE

Date: Feb 8 2011
Richmond, Virginia